FILED

MAY 18 2005

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BRETT BURGHER and DEBRA BURGHER, on behalf of themselves and all others similarly situated, | ) ) ) ) | CIV. 05-5008-RHB |
| Plaintiffs, | ) ) ) | MEMORANDUM OPINION AND ORDER GRANTING REMAND |
| vs. | ) ) | |
| RAPID CITY REGIONAL HOSPITAL, INC., | ) ) ) | |
| Defendant. | ) | |

**BACKGROUND**

Plaintiffs' complaint was filed against Rapid City Regional Hospital, Inc. (RCRH), on February 3, 2005, in the Circuit Court, State of South Dakota, County of Pennington, Seventh Judicial Circuit.[1] RCRH removed the case to this Court on February 9, 2005. 28 U.S.C. § 1446. The notice of removal alleges that "this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1340 (civil action arising under Internal Revenue Code), and 28 U.S.C. § 1441(a) (general removal jurisdiction). Notice of Removal, 2-3. Following removal on March 14, 2005, plaintiffs filed their motion to remand. The motion is before the Court's consideration. Oral argument was held May 18, 2005. Plaintiffs' motion is granted.

**DISCUSSION**

---

[1] This action was previously filed in federal court on October 6, 2004. See CV 04-5092. It was one of many cases filed across the country against non-profit hospitals. See In re Not For Profit Hospitals/Uninsured Patients Litigation, 341 F. Supp. 2d 1354 (J.P.M.L. 2004). The Judicial Panel on Multidistrict Litigation refused to entertain jurisdiction over all the similar cases on October 19, 2004.

1.      **Federal Court Jurisdiction**

Federal jurisdiction is that jurisdiction over cases "arising under the constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under" federal law, one must look to whether the plaintiffs' well-pleaded complaint raises issues of federal law. Howery v. Allstate Ins. Co., 243 F.3d 912, 916, n.12 (5th Cir. 2001) (citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)). The burden of establishing jurisdiction rests on the party seeking removal. See Howery, 243 F.3d at 916, n.12. To bring a case under federal question jurisdiction statute, a right or immunity created by the constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' case. See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936). The rule of Gully was later refined in 1983 in Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983), which requires that the embedded federal question be substantial. Id. at 13, 103 S. Ct. at 2848. Furthermore, "the presence of even one federal claim gives the defendant the right to remove the entire case to federal court." Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir. 1998) (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996)). The Court has no discretion to remand a claim that states a federal question. Gaming Corp., 88 F.3d at 542.

As recent as May 6, 2005, (twelve days ago) the Eighth Circuit in Biscanin v. Merrill Lynch & Co. Inc., No. 03-1659, 2005 WL 1048102, at *1 (8th Cir. May 6, 2005), stated that "[f]ederal question jurisdiction exists when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd., 463 U.S. 1, 27- 28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). This leads to an examination of the substance of plaintiffs' causes of action.

2.   **Plaintiffs' Complaint**

**Count One
Breach of Contract**

The complaint alleges that an express or implied contract existed when plaintiffs were required to agree to pay unspecified and undisclosed charges for medical care set by RCRH and that plaintiffs would be charged no more than fair and reasonable charges for the medical care. Complaint, ¶¶ 50-51.

The breach occurred when RCRH charged "the highest and full, undiscounted cost for medical care;" that the charges were unfair and bore no relation to the actual cost of such services. Complaint, ¶ 52.  This allegation under Count One purports to allege a violation of South Dakota contract law.

In South Dakota, the elements of a contract are as follows:

1. Parties capable of contracting;
2. Their consent;
3. A lawful object; and
4. Sufficient cause or consideration.

South Dakota Pattern Jury Instructions (SDPJI) 47-01-1.  An implied contract is defined as a contract "where the intention is not manifested by direct or explicit words by the parties but is gathered by implication or proper deduction from the conduct of the parties, the language used, or the acts done by them, or other pertinent circumstances attending the transaction." SDPJI 47-05.

It is not the purpose of this Opinion to determine whether the complaint states a viable state contract action, but only to determine whether the complaint states a federal cause of action.  The Court finds that it does not so state.

## Count Two
## Adhesion Contract

Count Two purports to allege an "adhesion contract." To the extent that the law of South Dakota recognizes such a contract, it is necessarily subsumed within Count I and is a state cause of action. See, e.g., Rozeboom v. Northwestern Bell Tel. Co., 358 N.W.2d 241 (S.D. 1984); Green v. Clinic Masters Inc., 272 N.W.2d 813 (S.D. 1978).

## Count Three
## Breach of Duty of Good Faith and Fair Dealing

Plaintiffs allege that this breach centered around the failure to "provide mutually affordable medical care to plaintiffs." Such an allegation is essentially one of state law.

## Count Four
## Violation of South Dakota Deceptive Trade Practices and Consumer Protection Act

By definition, Count Four is a state claim and not a federal claim. See Complaint, ¶¶ 68-69.

## Count Five
## Unjust Enrichment/Constructive Trust

As with the preceding counts, this allegation raises state and not federal law.

Under paragraphs 7 and 8 of the complaint is found the only reference to federal law. These two allegations are as follows:

> 7. RCRH holds itself out as, and has filed as, a non-profit, charitable organization, pursuant to 26 U.S.C. § 501(c)(3). Under that section, RCRH is required to operate exclusively in furtherance of a charitable purpose, with no part of its operations attributable either directly or indirectly to a non-charitable commercial purpose.

> 8. On information and belief, RCRH also receives state tax exemptions relating to, *inter alia*, property, services and sales, retail purchases, and/or other applicable taxes, as a result of its claimed § 501(c)(3) status and pursuant to *inter alia*, SDCL 10-4-9.1 and/or 10-4-9.3. Under SDCL 10-4-9.1 and *In the Matter of the Appeal of Sioux Valley Hosp. Ass'n from*

4

> *the Decision of the State Bd. of Equalization of the State of South Dakota v. South Dakota St. Bd. of Equalization*, 513 N.W.2d 562 (S.D. 1994), non-profit charitable organizations such as RCRH are required to offer their services to people regardless of ability to pay, to devote their resources to the relief of the poor, and to less a governmental burden, in order to qualify for the property tax exemptions claimed by RCRH under the statute.

The Court finds that Count Five does not raise a federal question and accordingly, RCRH's removal is subject to remand by plaintiffs.

3.     **26 U.S.C. § 501(c)(3)**

Section 501(c)(3) provides that organizations operated for charitable purposes shall be exempt from taxation. Plaintiffs claim that this federal provision of the Internal Revenue Code creates a contract between the government and RCRH inuring to the benefit of these plaintiffs. The Court does not agree that § 501(c)(3) gives rise to a "federal question" for the purpose of removal. See Kolari v. New York Presbyterian Hosp., No. 04 Civ. 5506LAP, 2005 WL 710452, at *6-7 (S.D. N.Y. March 29, 2005). The Court is unable to find either in the case law or statute itself that § 501(c)(3) creates a private right of action. See, e.g., Darr v. Sutter Health, No. C 04-02624 WHA, 2004 WL 2873068, at *3-4 (N.D. Cal. Nov. 30, 2004). Indeed, in Ferguson v. Centura Health Corp., 358 F. Supp. 2d 1014, 1016-17 (D. Colo. 2004), Senior Judge Matsch in applying § 501(c)(3) to a case such as this held that § 501(c)(3) "contains no rights-creating language indicating that Congress intended it to be enforced by uninsured patients or by members of the general public." (Citations omitted). Finally, in discussing a motion to dismiss under Fed. R. Civ. P. 12(b)(1 and 12(b)(6), Judge Ann Montgomery of the Minnesota District Court stated:

> Section 501(c)(3) has no language which implies a private cause of action. As 26 U.S.C. § 7801 states, "[e]xcept as otherwise expressly provided by law, the administration and enforcement of [the tax code] shall be performed by or under the supervision of the Secretary of Treasury." Despite other provisions of the Internal Revenue Code specifically authorizing actions by third parties affected by tax

5

collection activities or IRS proceedings, no section of the tax code authorizes private enforcement actions under § 501(c)(3).

<u>Peterson v. Fairview Health Services</u>, 2005 WL 226168, *5 (D. Minn. Feb. 1, 2005) (citing 26 U.S.C. § 7426).

## CONCLUSION

The Court concludes based on this memorandum of law that plaintiffs' complaint was improperly removed to this Court and is hereby remanded to the Circuit Court, State of South Dakota, County of Pennington, Seventh Judicial Circuit.

## ORDER

Accordingly, it is hereby

ORDERED that plaintiffs' motion for remand (Docket #12) is granted.

IT IS FURTHER ORDERED that the Clerk of this Court shall remit this case to the Pennington County Clerk of Courts, Seventh Judicial Circuit, State of South Dakota.

IT IS FURTHER ORDERED that plaintiffs shall be awarded costs and attorney's fees in defense of the improvident removal. Counsel for plaintiffs shall file an affidavit of costs and attorney's fees.

Dated this 18th day of May, 2005.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE